MAYER, Circuit Judge,
dissenting.
The claimed invention does nothing more than combine two well-known pain relievers — acetaminophen and tramadol— in a single tablet. Since the prior art clearly and unequivocally taught that these two analgesics could be combined for effective pain relief, the claimed invention is the epitome of obviousness. I therefore respectfully dissent.
Ortho-McNeil Pharmaceutical, Inc. (“Ortho”) did not invent acetaminophen and it did not invent tramadol. Long before the critical date for U.S. Patent No. RE39,221 (the “RE221 patent”), acetaminophen had been combined with other pain relievers, including opioid pain medications such as tramadol. Such compositions include Tylenol® with Codeine, Ty-lox® (acetaminophen with oxycodone), and Vicodin® (acetaminophen with hydrocone bitartrate). Prior to the effective date of the RE221 patent, it was widely recognized that the combination of a peripherally-acting non-opioid analgesic, such as acetaminophen, and a centrally-acting opioid analgesic, such as tramadol, was an effective way to treat pain that did not respond to the use of non-opioid pain relievers alone.
In fact, a patent issued in 1972 specifically discloses the use of tramadol in combination drugs including phenacetin— which metabolizes into acetaminophen in the human body — to achieve synergistic effects. U.S. Patent No. 3,652,589 (the “Flick patent”) teaches that acetaminophen can be combined with other analgesics including phenacetin, and instructs that such combinations are “proven to be of considerable therapeutic value.” Example 23 of the Flick patent discloses a com *602 bination of phenacetin and acetaminophen in a ratio that falls squarely within that claimed in the RE221 patent. The only alleged difference between the tablet disclosed in the asserted claims of the RE221 patent and the tablet disclosed in example 28 is that the latter also contains two additional ingredients, pentobarbital sodium and ethoxy benzamide. Given that ethoxy benzamide was a known carcinogen and pentobarbital sodium was known to have antagonistic interactions with analgesics, it would have been obvious to remove these two drugs from Flick’s formulation.
Indeed, Flick teaches that its four-agent tablet was merely an example of a possible combination tablet, stating that example 28 “illustrates the composition” of a combination tablet “without, however, limiting the same thereto.” Flick also teaches that ingredients can be varied as desired. The patent states: “Of course, by variation and calculation of the ingredients tablets and other compositions are prepared containing lower or higher amounts of the essential active agents as desired.” Nowhere does Flick state that pentobarbital sodium and ethoxy benzamide are required components in a tramadol/acetaminophen tablet. “If a person of ordinary skill can implement a predictable variation [of the prior art], § 103 likely bars its patentability.” KSR Int’l Co. v. Teleflex Inc., 550 U.S. 398, 417, 127 S.Ct. 1727, 167 L.Ed.2d 705 (2007). Here, the removal of pentobarbital sodium and ethoxy benzamide was a predictable and simple variation on the Flick formulation. See id. at 421, 127 S.Ct. 1727 (“A person of ordinary skill is ... a person of ordinary creativity, not an automaton.”); Bayer Schering Pharma AG v. Barr Labs., Inc., 575 F.3d 1341 (Fed.Cir.2009) (affirming an obviousness determination where the patentee was confronted with a limited number of options for modifying a prior art pharmaceutical composition).
In addition to the Flick patent, several other prior art references (the “German references”) explicitly teach that tramadol can be combined with acetaminophen to provide effective pain relief. Most of these references discuss combining trama-dol and acetaminophen without any additional ingredients. Although the German references involve the administration of two separate tablets and adhere to an individualized, rather than fixed, dosing regimen, these differences are insufficient to preclude a finding of obviousness. When the German references are read in light of the combination fixed-dose tablet disclosed in Flick, they clearly suggest combining tramadol and acetaminophen in a single fixed-dose tablet. Indeed, one of the German references laments the lack of available fixed-dose combination tablets, bemoaning the fact that “there are few fixed combinations of analgesics on the market.”
Combining acetaminophen with trama-dol was such an expected and logical step that one of Ortho’s own research fellows, Fred Minn, M.D., Ph.D., testified that acetaminophen was the “obvious” drug to combine with tramadol and that he could not “think of anybody who didn’t think of it.” Minn further explained that it was a “natural phenomenon” for Ortho to combine tramadol with acetaminophen since Ortho had a long history “of combining [acetaminophen] with everything in the world.”
The situation presented here parallels that presented in Richardson-Vicks Inc. v. Upjohn Co., 122 F.3d 1476, 1480 (Fed.Cir.1997). There we held that it would have been obvious to combine two drugs, the analgesic ibuprofen and the decongestant pseudoephedrine, in a single tablet since the drugs had been co-administered in the past. There, as here, it was manifestly obvious to combine two well-known drugs — which had previously been admin *603 istered together — in a single tablet. See In re Diamond, 53 C.C.P.A. 1172, 360 F.2d 214, 217-18 (C.C.P.A.1966) (concluding that a combination of two therapeutic agents for inflammatory disease was obvious).
As the district court correctly concluded, the testimony of Ortho’s expert, Donald Stanski, M.D., was insufficient to raise genuine issues of material fact on the obviousness question. Conclusory and unsupported expert testimony cannot serve as a bar to summary judgment. Although Stanski asserted that the prior art taught away from combining tramadol and acetaminophen in a fixed-dose composition, his testimony is directly contradicted by the explicit teaching of Flick, which provides for a fixed dose tramadol/acetamino-phen combination. Likewise, although Stanski argued that the alleged synergy of the claimed combination tablet was unexpected, Flick plainly states that “frequently a synergistic effect is observed” when combining tramadol with other analgesics such as phenacetin. Expert opinions must be given short shrift when they fly in the face of explicit disclosures in the prior art. See PharmaStem Therapeutics, Inc. v. ViaCell, Inc., 491 F.3d 1342, 1361-62 (Fed.Cir.2007) (refusing to credit an expert’s testimony where it could not be “reconciled with statements made by the inventors in the joint specification and with ... prior art references”); Ashland Oil, Inc. v. Delta Resins & Refractories, Inc., 776 F.2d 281, 294 (Fed.Cir.1985) (“Lack of factual support for expert opinion going to factual determinations, however, may render the testimony of little probative value in a validity determination.”).
Indeed, when read as a whole, Stanski’s testimony actually supports an obviousness determination. Ortho argues that one of ordinary skill in the art would not be motivated to remove the ingredients pen-tobarbital sodium and ethoxy benzamide that were listed along with tramadol and acetaminophen in example 23 of the Flick patent. Stanski, however, noted that “it is well established that barbiturates in low doses exhibit an antagonistic interaction with analgesics,” and that by 1991, the priority date for the RE221 patent, a person of ordinary skill in the art would have appreciated that ethoxy benzamide had “carcinogenic properties.” Stanski’s testimony, therefore, supports the conclusion that a skilled artisan would have been motivated to remove pentobarbital sodium and ethoxy benzamide from Flick’s trama-doVacetaminophen tablet.
Simply put, there is nothing even arguably new about what Ortho claims to have invented. I would affirm.